986 P.2d 1017

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Travis Blair McCULLOCH,
Defendant–Appellant.**

No. 25204.

Court of Appeals of Idaho.

July 2, 1999.

Review Denied Sept. 16, 1999.

Ronaldo A. Coulter, State Public Defender; Molly J. Huskey, Deputy State Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Travis Blair McCulloch appeals from the district court's order denying his I.C.R. 35 motion for a reduction of sentence. McCulloch pled guilty to three counts of rape. The district court entered a judgment of conviction and sentenced him to consecutive ten-year terms, followed by an indeterminate term of life. Therefore, McCulloch will serve a minimum period of thirty years. McCulloch contends that the district court's sentence structure was excessive considering his age and potential for rehabilitation. For the reasons that follow, we affirm.

I.

**FACTS AND PROCEDURE**

In the early morning hours on February 27, 1997, the police received information that a man was sneaking around a trailer park, going from trailer to trailer and looking in the windows. The police responded and found McCulloch. McCulloch was arrested and charged with window peeping, possession of a controlled substance, possession of drug paraphernalia and felony driving without privileges.

During a subsequent investigation initiated because McCulloch fit the general description of a reported serial rapist, the police developed overwhelming evidence, including DNA and fingerprint evidence, that McCulloch had committed the rapes in question. During a four-month period in late 1996 and early 1997, McCulloch raped four women in their homes and attempted to rape another. In each case, he approached the home at an odd hour and either forced his way into the home after the victim answered the door or broke into the home without the victim being aware of his entry. Each victim feared for her life and believed that McCulloch was going to follow through with his threats to

kill. McCulloch confessed to the rapes during interviews with the police.

McCulloch was charged with three counts of rape and the prosecutor was preparing to charge him with two additional counts. As part of a plea agreement, McCulloch pled guilty to three counts of rape, and the state agreed not to file the additional rape charges and dismissed the charges stemming from McCulloch's February 27 arrest.

The district court heard testimony, both in mitigation and aggravation, and sentenced McCulloch to three consecutive fixed terms of ten years, followed by an indeterminate term of life. McCulloch filed a Rule 35 motion requesting that the district court reduce the sentence. The district court denied the motion without a hearing. McCulloch appeals, claiming that the district court erred when it denied his motion requesting Rule 35 relief.

## II.

## DISCUSSION

 Initially, we note that an order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. A Rule 35 motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *Lopez*, 106 Idaho at 450, 680 P.2d at 872; *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

McCulloch argues that, because he is only twenty-four and has potential for rehabilitation, the district court should have run the sentences concurrently, giving McCulloch an opportunity to prove his rehabilitation progress in ten years. If McCulloch has not rehabilitated, he claims, he can be kept incarcerated for a longer period up to the remainder of his life. McCulloch also argued below and implies on appeal that the use of methamphetamine contributed to, and may be to blame for, the commission of his crimes in this case.

 Although the district court did not hold a hearing on McCulloch's Rule 35 motion, McCulloch has provided this Court with the original sentencing transcript and his presentence investigation report, which this Court has thoroughly reviewed. The damage McCulloch has done to his victims is immeasurable. He broke into the sanctity of their homes and deprived them of their feelings of comfort and safety. Several of his victims testified at sentencing, and the district court received letters from their families and psychologists. The recurring theme throughout these statements is that the victims may never overcome this horrific event. They have nightmares, cannot sleep, cannot stay at home alone or drive alone, cannot have intimate relations and cannot trust people, particularly men. One of the victims has turned to drugs and another may be suicidal. Each victim feels that she is a different person now and McCulloch has changed her life forever.

To the extent that McCulloch claims that drugs were to blame for these crimes, his claim is refuted by the evidence. McCulloch stated to the officers that he received an "incredible adrenaline rush" and a "high" from entering a home not knowing what or who was inside. McCulloch received pleasure from these crimes, which cannot be attributed to the drugs. In addition, McCulloch did not act out his crimes in a psychotic state. Rather, he carefully deliberated each crime, taking the time to wear gloves, a mask of some sort, and bring a weapon. In addition, McCulloch disabled the phones in the house before or after several of the rapes.

McCulloch's criminal history is also disturbing and reveals an inability to abide by our societal codes of conduct. Since 1990, McCulloch has had forty-five criminal charges, including fourteen arrests, five probations and eight jail incarcerations. Al-

though McCulloch had numerous family and friends who submitted letters to the district court and testified on his behalf that he was a person of good character, the district court was presented with a criminal record and instant offenses which indicate that, while McCulloch may be a good brother and friend, he is a danger to women. Moreover, he has demonstrated a tendency for violence by his current crimes, a previous battery conviction where he hurt a person much smaller than himself, and also by his conduct while in jail before sentencing, where McCulloch was involved with two confrontational incidents. During the second of these incidents McCulloch threatened another inmate while jail officials were trying to segregate them.

Given all of this information, we cannot conclude the district court erred when it imposed sentence. As the district court noted, punishment alone justifies the sentence because of the abhorrent nature of the crimes and the detrimental effect they have had on McCulloch's victims. In addition, however, the district court primarily considered the protection of society. We cannot disagree with the district court's expressed rationale and conclude that the district court did not abuse its discretion. Therefore, we affirm the order denying McCulloch's Rule 35 motion to reduce the sentence.

Judge LANSING and Judge Pro Tem SWANSTROM, concur.