**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39440**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Opinion No. 23** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  April 11, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SASHA DEE MARTINEZ,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and sentence for robbery, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.  Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

SCHWARTZMAN, Judge Pro Tem

Sasha Dee Martinez appeals from her judgment of conviction for robbery and the district court's order denying her Idaho Criminal Rule 35 motion.  Specifically, she challenges the court's refusal to allow testimonial evidence at her sentencing and Rule 35 hearings.  She further contends that her rights to confrontation and due process were violated when a co-defendant's written statement to police was read and used as argument by the prosecutor at sentencing.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Martinez, her boyfriend Enrique Espinoza, and at least one other woman participated in the armed robbery of a convenience store in Idaho Falls.  Martinez was charged with one count of robbery.  Although it was disputed whether Martinez was one of the armed women who

1

entered the store with Espinoza, it was undisputed that she entered the store to disable the security device in anticipation of the robbery. Martinez pled guilty as charged.

At sentencing, Martinez was asked and initially declined to call any witnesses.[1] She requested that she be placed on probation, because, among other factors, she had been minimally culpable in the robbery and her participation was compelled by her fear of Espinoza. The State rebutted this assertion by reading a statement, over Martinez's objection, from the presentence investigation report (PSI report) wherein Espinoza indicated to police that Martinez was a willing and integral participant in the scheme from the outset. The district court thereafter denied Martinez's request to present the testimony of Yvon Lopez, one of the co-perpetrators of the robbery, who Martinez indicated would "clarify" the circumstances surrounding the crime. The court sentenced Martinez to a unified term of fifteen years, with three years determinate, and retained jurisdiction for 365 days. Less than four months later, the court relinquished jurisdiction upon the recommendation of the Department of Correction. Martinez moved for reconsideration of the relinquishment, which was treated as a motion under Idaho Criminal Rule 35 for reduction of sentence. At a hearing on the motion, Martinez attempted to present testimony from her mother, which the district court disallowed, indicating it would not be accepting additional evidence. The motion was denied. Martinez now appeals.

## II.

## ANALYSIS

### A. Sentencing Hearing

Martinez contends the district court made several errors in regard to the prosecutor's reading of Espinoza's statement at sentencing. First, she argues that allowing consideration of the statement without giving her the opportunity to confront Espinoza violated her constitutional right to confrontation pursuant to the Confrontation Clause and Due Process Clause. She also contends the district court erred by not allowing her to present Lopez's testimony in response to the State's use of Espinoza's statement during its argument and recommendation of sentence.

---

[1] The sentencing hearing occurred over two separate days after a discrepancy arose as to whether Martinez had been admitted to a mental health court, and the court continued the hearing to allow the information to be obtained.

### 1. Confrontation

Martinez contends Espinoza's statement contained in her PSI report should not have been read by the prosecution at sentencing without giving her an opportunity for confrontation, based on both the Confrontation Clause of the United States Constitution and the due process protections afforded by the Idaho and federal constitutions.[2] We turn first to the applicability of the Confrontation Clause to sentencing proceedings.

### a. Confrontation Clause

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. However, Idaho courts, as well as nearly all other jurisdictions, have consistently held this right to confrontation does not require a criminal defendant be allowed to confront and cross-examine witnesses at sentencing proceedings. The Idaho Supreme Court explained its reasoning in *Sivak v. State*, 112 Idaho 197, 214-16, 731 P.2d 192, 209-11 (1986), where the defendant contended the trial court violated his Sixth Amendment right to confrontation by considering statements of his co-defendant included in the PSI report.[3] The

---

[2]   Notably, Idaho Criminal Rule 32, governing PSI reports, specifically allows for the inclusion of hearsay in such reports:

> The presentence report may include information of a hearsay nature where the presentence investigator believes that the information is reliable, and the court may consider such information. In the trial judge's discretion, the judge may consider material contained in the presentence report which would have been inadmissible under the rules of evidence applicable at a trial. However, while not all information in a presentence report need be in the form of sworn testimony and be admissible at trial, conjecture and speculation should not be included in the presentence report.

I.C.R. 32(e)(1).

[3]   *State v. Sivak*, 112 Idaho 197, 731 P.2d 192 (1986) is a capital case; however, its reasoning has been applied to noncapital cases. *See State v. Guerrero*, 130 Idaho 311, 312, 940 P.2d 419, 420 (Ct. App. 1997) (holding the defendant had no right pursuant to the Sixth Amendment to cross examine the victim at sentencing after presentation of the victim impact statement); *State v. Wolverton*, 120 Idaho 559, 563, 817 P.2d 1083, 1087 (Ct. App. 1991) ("[T]he sixth amendment does not require that a defendant have the opportunity to confront and cross-examine adverse witnesses in his sentencing proceedings.").

Idaho Supreme Court rejected his claim, stating it would continue to adhere to the holding of the United State Supreme Court in *Williams v. New York*, 337 U.S. 241 (1949)[4], the only case in which the United States Supreme Court directly addressed a defendant's right to confront witnesses during sentencing.[5]  In *Williams*, a death penalty case, the defendant argued the sentencing court's reliance on evidence from witnesses who Williams had not had the opportunity to confront violated his due process right to confrontation.  *Id*. at 245.  The United States Supreme Court rejected this contention based, in part, on both the historical roots of allowing a sentencing judge "wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment" and the belief that modern penological policies, which favor sentencing based on the maximum amount of information about the defendant, would be thwarted by restrictive procedural and evidentiary rules.  *Id*. at 246-50.  The Court also explained that requiring "open court testimony with cross-examination" would be "totally impractical if not impossible" in the sentencing context.  *Id*. at 250.  *Accord Williams v. Oklahoma*, 358 U.S. 576, 584 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . .").

The issue appeared largely settled until 2004, when the United States Supreme Court dramatically altered the landscape of Confrontation Clause jurisprudence in *Crawford v. Washington*, 541 U.S. 36 (2004).  In *Crawford*, the Court abandoned the "indicia of reliability" test espoused in *Ohio v. Roberts*, 448 U.S. 56, 66 (1980) that had long been applied to the

---

[4]     Hereinafter, references to "*Williams*" refer to *Williams v. New York*, 337 U.S. 241 (1949).

[5]     *Williams v. New York*, 337 U.S. 241 (1949) was decided in the context of a *due process* right to confrontation before the Sixth Amendment right to confrontation was held applicable to the states.  Because it did not rely on the Sixth Amendment, the continuing validity of *Williams* has been questioned by several commentators.  *See*, *e.g.*, Susan N. Herman, *The Tail that Wagged the Dog:  Bifurcated Fact-Finding under the Federal Sentencing Guidelines and the Limits of Due Process*, 66 S. CAL. L. REV. 289, 317-21 (1992); Alan C. Michaels, *Trial Rights at Sentencing*, 81 N.C. L. Rev. 1771, 1837-39 (2003).  Nevertheless, as we discuss below, both federal circuit courts and state courts have continued to rely on it for the same proposition as the *Sivak* Court.

admission of hearsay evidence at trial.[6] *Crawford*, 541 U.S. at 60. The Court held that the mere "indicia of reliability" was insufficient and the Sixth Amendment bars the use of testimonial statements at trial of witnesses who do not appear at trial, unless the witness is unavailable and the defendant was given an opportunity to cross-examine the witness. *Id*. at 53-54, 68. Thus, the applicability of the Sixth Amendment to admission of testimonial hearsay evidence at *trial* is now clear, but whether these protections extend to sentencing proceedings remains an open question, largely because *Crawford* did not mention sentencing and the United States Supreme Court has never addressed whether sentencing is included as part of "all criminal prosecutions" in the text of the Sixth Amendment.

The federal circuit courts of appeal have uniformly *rejected* the argument Martinez advances here--that after *Crawford* and its progeny, the protections of the Confrontation Clause now extend to sentencing. In rejecting this argument, some courts have explicitly continued to rely on *Williams*, holding that *Crawford* did not overrule that precedent. For example, in *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) the court first noted that both the United States Supreme Court and the Second Circuit "have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." It then determined *Crawford* did not address the applicability of the right of confrontation to the sentencing context or the admissibility of hearsay testimony at sentencing proceedings and, therefore, surmised neither *Crawford*, nor the rationale underlying it, provided a basis to question prior United States Supreme Court decisions expressly approving of the consideration of out-of-court statements at sentencing. *Martinez*, 415 F.3d at 243. *Accord United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (determining that because *Crawford* did not expressly overrule *Williams*, it was not for the Ninth Circuit to do so and, therefore, "the law on hearsay at sentencing is still what it was before *Crawford*: hearsay is admissible at sentencing, so long as it is 'accompanied by some minimal indicia of reliability'"); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005) (declining to apply the Confrontation Clause during the sentencing phase because *Williams* made it clear that witnesses providing

---

[6] In *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), the Court held the purpose of the Confrontation Clause was to allow the defendant to test adverse evidence and developed a two-prong test in which the prosecutor could bring hearsay evidence before a jury by showing both unavailability of the witness and that the evidence bore "indicia of reliability."

information to the court after guilt is established are not "accusers" within the meaning of the Confrontation Clause).

Other federal circuit courts of appeal, without specific reliance on *Williams*, have merely found that because *Crawford* only involved statements introduced at trial, it did not overrule long-standing precedent that the Confrontation Clause does not apply at sentencing. *See*, *e.g.*, *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) (holding that the confrontation right as defined by *Crawford* does not apply at a sentencing hearing because nothing in *Crawford* indicated its holding was applicable to sentencing proceedings); *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005) (holding that *Crawford* does not extend to noncapital sentencing); *United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005) (noting that, "[b]y its own terms," *Crawford* did not address whether the Sixth Amendment right to confront witnesses applies at sentencing and "[n]othing in *Crawford* requires us to alter our [pre-*Crawford*] conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing"). *See also United States v. Wallace*, 408 F.3d 1046, 1047-48 (8th Cir. 2005) (holding, without discussion of *Crawford*, that the Confrontation Clause does not apply to sentencing proceedings).[7]

Most state courts that have addressed the issue have followed suit. *See State v. McGill*, 140 P.3d 930, 940-41 (Ariz. 2006) (noting that Arizona courts have long held that the use of hearsay evidence at the penalty phase of a trial does not violate the Confrontation Clause and the United States Supreme Court has never indicated departure from *Williams*); *People v. Lassek*, 122 P.3d 1029, 1031-32 (Colo. App. 2005) (holding, without reference to *Crawford*, that the

---

[7]     Some federal courts have commented on the possible evolution in this area of the law, but have uniformly continued to maintain the status quo post-*Crawford*. *See United States v. Katzopoulos*, 437 F.3d 569, 576 (2006) ("Though the cases may be a broad signal of the future, there is nothing specific in [*Blakely v. Washington*, 542 U.S. 296 (2004)], [*United States v. Booker*, 543 U.S. 220 (2005)] or *Crawford* that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings."); *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005) ("While [the *Crawford*] rule may eventually be extended to the sentencing context, that has not happened yet."). See also WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 26.4(f) (3d ed. 2007) ("[A]lthough the federal courts of appeals unanimously declined to recognize a federal defendant's right to confrontation under either the Sixth Amendment or the Due Process Clause in the guidelines setting, several of these decisions have been divided . . . .").

Confrontation Clause provides a *trial* right not applicable at sentencing); *People v. Banks*, 934 N.E.2d 435, 461 (Ill. 2010) (noting, in a capital case, that "[t]here is nothing in *Crawford* to indicate that the confrontation clause does or does not apply to the aggravation/mitigation phase of a capital sentencing hearing" and affirming the continued viability of *Williams*); *State v. Galindo*, 774 N.W.2d 190, 244 (Neb. 2009) ("*Crawford* has no effect on the long-standing proposition that the right to confrontation is inapplicable to sentencing proceedings."); *Summers v. State*, 148 P.3d 778, 783 (Nev. 2006) (holding *Crawford* did not overrule *Williams* and, therefore, neither the Confrontation Clause nor *Crawford* apply to evidence admitted at a capital penalty hearing and the decision in *Crawford* does not alter Nevada's death penalty jurisprudence that allows for the use of hearsay); *People v. Leon*, 884 N.E.2d 1037, 1039 (N.Y. 2008) (holding *Crawford* does not apply to sentencing proceedings); *McDonald v. Belleque*, 138 P.3d 895, 897 (Or. App. 2006) (holding that "[n]othing in *Crawford* suggests that it should be extended to sentencing proceedings" and that *Williams* continues to control); *Harper v. Commonwealth*, 675 S.E.2d. 841, 844-45 (Va. Ct. App. 2009) (rejecting the argument that *Crawford* applies to sentencing and noting the United States Supreme Court has continued to treat *Williams* as valid precedent, even in cases decided since *Crawford*).

Thus, the overwhelming weight of authority in regard to sentencing proceedings before a judge in a noncapital case is that *Crawford's* protections do not apply.[8] We find the rationales

---

[8] The only cases we have located where state courts have held *Crawford's* protections extend to sentencing proceedings are those where the evidence in question, unlike in this case, was presented to a *jury* during the punishment phase of the trial. The most common context is the sentencing phase of a capital trial. *See Rodgers v. State*, 948 So. 2d 655, 663 (Fla. 2006) (applying *Crawford*, with little discussion, to the sentencing phase of the capital trial held before a jury); *Pitchford v. State*, 45 So. 3d 216, 251 (Miss. 2010) (holding, in a capital case, that under state precedent and despite federal precedent to the contrary, *Crawford* extends to sentencing proceedings); *State v. Bell*, 603 S.E.2d 93, 116 (N.C. 2004) (same); *Russeau v. State*, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005) (same). *But see State v. Sings*, 641 S.E.2d 370, 372 (N.C. Ct. App. 2007) ("[W]e see no basis for extending [the ruling of *Bell*, 603 S.E.2d 93] to noncapital sentencing hearings."); *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (holding that when a PSI report is used in a noncapital case in which the defendant has elected to have the judge determine sentencing, information in the PSI report is not subject to the Confrontation Clause). Other courts have extended the right to confrontation to noncapital cases where a jury makes the determination of a fact or facts that, if found, increase the defendant's sentence beyond the statutory maximum. *See Vankirk v. State*, 385 S.W.3d 144, 151 (Ark. 2011) (holding that a constitutional right to confrontation applied to sentencing proceeding before a jury following the defendant's guilty pleas to rape); *State v. Rodriguez*, 754 N.W.2d 672, 681 (Minn.

utilized by these courts to be persuasive, especially in regard to the continued validity of *Williams*, the rationale relied upon by our Supreme Court in *Sivak*. Martinez has not shown that departure from our long-standing precedent, that the Sixth Amendment Confrontation Clause protections do not extend to sentencing proceedings before a judge in noncapital cases, is warranted at this time.

### b. Due Process Clause

Martinez contends that even if we decline to extend the Sixth Amendment Confrontation Clause protections to sentencing in this case, her constitutional right to confrontation as part of her right to due process was violated, as she was not given the opportunity to confront Espinoza. She argues there must be a due process right to confrontation at sentencing in Idaho because it is well-settled that due process protections apply to sentencing proceedings. *See Gardner v. Florida*, 430 U.S. 349, 358 (1977); *State v. Pizzuto*, 119 Idaho 742, 764, 810 P.2d 680, 702 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991). Moreover, the United States Supreme Court and Idaho Supreme Court have found that the right to confront and cross-examine witnesses is part of due process in other contexts. *See*, *e.g.*, *Morrisey v. Brewer*, 408 U.S. 471, 488-89 (1972) (holding that due process requires the right to confront witnesses at parole revocation proceedings); *State v. Rose*, 144 Idaho 762, 766, 171 P.3d 253, 257 (2007) (holding the same in regard to probation revocation proceedings).

As we discussed above, the first, and only, time the United States Supreme Court addressed this issue was in *Williams*. The *Williams* Court examined whether a defendant was entitled to confrontation at sentencing pursuant to the limited confrontation right of the Due Process Clause, which provides that "no person shall be tried and convicted of an offense unless he is . . . afforded an opportunity to examine adverse witnesses." *Williams*, 337 U.S. at 245. Based on the historical tradition of allowing a sentencing judge wide discretion in the sources

---

2008) (holding that the right of confrontation applies in jury sentencing trials because "if the Sixth Amendment right to a jury trial applies in jury sentencing trials, then the right of cross-examination, which is a core component of the jury trial right, applies in jury sentencing trials"); *State v. Hurt*, 702 S.E.2d 82, 95 (N.C. Ct. App. 2010) (holding the defendant's confrontation rights extended to the sentencing hearing in the noncapital murder trial in which the jury was required to determine whether the killing was especially heinous, atrocious, or cruel such that an aggravated sentence was warranted).

and types of evidence used to assist him in determining the kind and extent of punishment, and the necessity of such flexibility, the Court held the Due Process Clause did not require confrontation at sentencing. *Id*. at 247, 250-51. *Accord Williams v. Oklahoma*, 358 U.S. at 584 (holding that once a defendant's guilt has been established, the sentencing judge is not restricted to consideration of evidence subject to examination and cross-examination of witnesses); *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989) ("[A]ll of the strict procedural safeguards and evidentiary limitations of a criminal trial are not required at sentencing. It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine." (citations omitted)).

The Idaho Supreme Court followed suit, relying, at least partially, on *Williams* in *State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969) in addressing a defendant's argument that the use of written hearsay via the PSI report at his sentencing hearing violated his due process right to confrontation. In determining the extent to which the defendant must be allowed to test adverse evidence by actual cross-examination, the Court surmised:

> If the court hears hostile witnesses, the defendant must be allowed to cross-examine them. On the other hand, the pre-sentence investigation report compiled by a probation or parole officer will contain a great deal of hearsay information, and the court need not allow the defendant to cross-examine all of the sources of such information. It apparently has been thought sufficient that the defendant be permitted to examine the report and to show by means other than cross-examination the unreliability of adverse information or to counterbalance such information by providing affirmative indications of good character.

*Id*. at 17, 454 P.2d at 54 (footnote omitted). The Court pointed out that although cross-examination may not be available in these instances, other factors can be considered:

> Defense counsel can emphasize to the court that such information comes from partisan sources, that much of it does not relate to his client, and that certain individuals may have had cause to be spiteful or prejudiced. These are factors which a trial judge is fully capable of weighing . . . .

*Id*. at 18, 454 P.2d at 55. The Court also cited to *Williams*, noting the United States Supreme Court "roundly affirmed a trial judge's discretionary consideration of material contained in a pre-sentence report which would have been inadmissible under the rules of evidence applicable at a trial of the guilt issue." *Moore*, 93 Idaho at 18, 454 P.2d at 55. The *Moore* Court noted the *Williams* Court "sanctioned the use of all 'out-of-court sources (of information)' in an effort to

promote individualized treatment of convicted persons." *Moore*, 93 Idaho at 18, 454 P.2d at 55 (footnote omitted). It stated:

> [T]he trial court's discretion to consider a wide range of information about a particular defendant even though it would not be admissible under the rules of evidence may be of great benefit to a defendant. We hesitate to apply unduly strict procedural requirements which would operate equally to prevent defendants from marshaling hearsay and other evidence favorable to themselves.

*Id. See also Sivak*, 112 Idaho at 215-16, 731 P.2d at 210-11 (continuing to rely on *Williams* in assessing a defendant's right to confrontation at sentencing, albeit under the Sixth Amendment); *State v. Johnson*, 101 Idaho 581, 583, 618 P.2d 759, 761 (1980) (reiterating *Moore* and its reliance on *Williams* for the proposition that hearsay evidence is admissible at sentencing through the PSI report and cross-examination is only required where oral testimony is presented).

Thus, the law in Idaho as it currently exists is that the use of hearsay information in the PSI report does not violate a defendant's due process right to confrontation. Accordingly, Martinez has not shown her due process right to confrontation was abridged by her inability to confront Espinoza.

### 2. Proffered Testimony

Martinez also contends the district court erred in refusing to allow her to present testimony from Yvon Lopez, a co-participant in the criminal enterprise, in response to the prosecutor's use of Espinoza's statement. Specifically, she argues the district court abused its discretion by "unduly restricting the evidence in the record," which "deprived it of evidence necessary to accurately understand the nature and circumstances of the crime."

At the beginning of the sentencing hearing, Martinez was given the opportunity to "clarif[y] or correct[]" anything in the PSI report and she suggested only one change, irrelevant to the issues in this appeal. She then declined to call any witnesses. Defense counsel proceeded to give a lengthy summation over the course of two days. After the State presented a victim's statement, the district court invited the parties to make their closing sentencing arguments. Defense counsel argued Martinez was a good candidate for probation, contending, among other things, that Espinoza had controlled, manipulated, and pressured Martinez into participating in the robbery. The prosecutor responded by reading Espinoza's statement of the events to officers, which placed much of the blame on Martinez. Martinez's counsel asked to present testimony

from Lopez in an apparent effort to rebut Espinoza's version of the incident. The following exchange occurred:

> [The Court]: You've had your say. You didn't call any witnesses. We're going to go on.
>
> [Defense Counsel]: I didn't know [the prosecutor] was going to go into a hearsay report and talk about all these things, but I'm just telling you [the witness] is here and would testify and clear a lot of those facts up.
>
> [The Court]: I'm not going to get into it now.

Prior to the court pronouncing sentence, Martinez herself was given the opportunity for allocution, during which she took some responsibility, but also roundly rebutted Espinoza's claims that she instigated the crime and referred to letters from Espinoza to her that she claimed proved her account.

The district court has broad discretion in determining what evidence is to be admitted at a sentencing hearing. *Johnson*, 101 Idaho at 583, 618 P.2d at 761; *State v. Gain*, 140 Idaho 170, 174, 90 P.3d 920, 924 (Ct. App. 2004). The sentencing judge is presumably able to ascertain the relevancy and reliability of the broad range of information and material presented to it during the sentencing process and to disregard the irrelevant and unreliable. *State v. Jeppesen*, 138 Idaho 71, 75, 57 P.3d 782, 786 (2002), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Gain*, 140 Idaho at 174, 90 P.3d at 924.

Martinez has shown no abuse of discretion in this instance. Espinoza's statement was included in the PSI report, a copy of which Martinez presumably received prior to sentencing. Despite being aware that Espinoza attempted to pin some blame on her, Martinez affirmatively chose not to present any witnesses when given the opportunity at the outset of the sentencing hearing and she cites no authority for the proposition that the court was required to allow her to present such testimony at a later time. In addition, Martinez's contention that the court was left without information regarding her version of the circumstances surrounding the crime is clearly

11

belied by the record: Martinez's version of the events was contained in the PSI report, where she maintained she was not a voluntary participant in the robbery and was "afraid" of Espinoza. She also cogently presented her side of the case to the court during allocution. Thus, Martinez was given the opportunity to "examine the report and to show by means other than cross-examination the unreliability of adverse information or to counterbalance such information by providing affirmative indications of good character." *Moore*, 93 Idaho at 17, 454 P.2d at 54. Furthermore, it is well settled that a sentencing judge is presumably able to ascertain the reliability of the broad range of information presented to it, *Jeppesen*, 138 Idaho at 75, 57 P.3d at 786, a fact especially true in a case such as this where co-defendants offered different accounts of the crime. It was not an abuse of the district court's broad discretion at sentencing to refuse to allow Martinez to call a witness after she affirmatively indicated she would not call any witnesses and both parties had made their sentencing arguments. In sum, there is no reversible error in the sentencing proceedings in this case.

**B.      Rule 35 Hearing**

Martinez also contends the district court abused its discretion by refusing to hear testimony from her mother at the Rule 35 hearing. Specifically, she argues that because the district court held a hearing, it could not then limit the testimony presented at the hearing.

A Rule 35 motion essentially is a plea for leniency that may be granted if the sentence imposed was, for any reason, unduly severe. *State v. McCulloch*, 133 Idaho 351, 352, 986 P.2d 1017, 1018 (Ct. App. 1999); *State v. Puga*, 114 Idaho 117, 118, 753 P.2d 1263, 1264 (Ct. App. 1987). The decision whether to reduce a legal sentence is committed to the discretion of the sentencing court. *State v. Izaguirre*, 145 Idaho 820, 822, 186 P.3d 676, 678 (Ct. App. 2008). The judge may consider facts presented at the original sentencing as well as any new information concerning the defendant's rehabilitative progress in confinement. *Puga*, 114 Idaho at 118, 753 P.2d at 1264; *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984). The decision whether to conduct a hearing on a Rule 35 motion is directed to the sound discretion of the district court. I.C.R. 35 ("Motions . . . shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion . . . ."). A Rule 35 hearing, if held, takes place after the defendant has been accorded her rights at sentencing, so the sentencing judge is free to consider and decide the motion without any additional testimony. *State v. Urias*, 123 Idaho 751, 755, 852

P.2d 503, 507 (Ct. App. 1993). However, a trial court abuses its discretion if it unduly limits the information it considers before ruling upon a Rule 35 motion. *Izaguirre*, 145 Idaho at 824, 186 P.3d at 680; *Puga*, 114 Idaho at 118, 753 P.2d at 1264.

After the district court relinquished jurisdiction, Martinez filed a "Motion for Reconsideration of Relinquishment of Jurisdiction," which the parties treated as a Rule 35 motion. *See State v. Goodlett*, 139 Idaho 262, 265, 77 P.3d 487, 490 (Ct. App. 2003). Attached to the motion was an affidavit from Martinez, wherein she describes the progress she made while on retained jurisdiction, as well as letters of support from her mother, sister, and several friends. A hearing on the motion was scheduled, at which the following exchange occurred:

> [Defense counsel:] I have a witness I would like to call, her mother.
> [The Court]: Well, this is not an evidentiary hearing. The evidentiary hearing was held at the facility.
> [Defense counsel]: All right.
> [The Court]: And I don't do a new evidentiary hearing.
> [Defense counsel]: Okay. You don't allow anything additional?
> [The Court]: I do not.
> [Defense counsel]: Okay, Your Honor.

Martinez's argument on appeal rests on her assertion that because the district court held a hearing on her Rule 35 motion, the court was not entitled to restrict the evidence presented at such hearing. The premise behind this assertion is belied by the record, however; the exchange above clearly establishes that the district court did *not* grant Martinez an evidentiary hearing on the issue, but rather simply allowed oral argument. We addressed an analogous situation in *Puga*, 114 Idaho 117, 753 P.2d 1263, wherein the defendant contended the district court erred in refusing to grant him an evidentiary hearing as to his Rule 35 motion. We held there was no undue limitation of the information before the court, noting that although in-court testimony was not permitted, the court allowed for oral argument. *Puga*, 114 Idaho at 118, 753 P.2d at 1264. In addition, Puga was allowed to submit affidavits in support of his motion, which he did. We noted the district court took these affidavits into consideration in denying the motion and Puga had not shown an abuse of discretion in denying him an evidentiary hearing. *Id.* Likewise in this case, the evidence before the court was not unduly limited. Martinez was allowed to present argument and took advantage of the opportunity to include several affidavits and letters with her motion, including one from her mother. The district court acted within its considerable

13

discretion in refusing to hold an evidentiary hearing--thus foreclosing her mother's testimony--pursuant to Rule 35.

## III.

## CONCLUSION

In line with the considerable weight of authority, we decline to find that a defendant's right to confrontation under the Sixth Amendment and Due Process Clause extends to sentencing proceedings. As such, Martinez has not shown that the district court erred by considering the statement of a co-defendant, whom she had not had the opportunity to confront. The court also did not abuse its discretion by refusing to allow Martinez to introduce testimony at the conclusion of her sentencing hearing after she affirmatively indicated she would not be calling witnesses; nor did the court abuse its discretion by not allowing her to present testimony at the Rule 35 hearing where the court did not allow an evidentiary hearing at all. Martinez's judgment of conviction and sentence for robbery are affirmed. We further affirm the district court's order denying Martinez's Rule 35 motion.

Judge GRATTON and Judge MELANSON **CONCUR.**