**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45925**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 2, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| ROBERT DEL CRITCHFIELD, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order revoking probation, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Robert Del Critchfield appeals from the district court's order revoking probation and ordering the originally imposed sentence executed. Critchfield additionally appeals from the district court's order denying his motion for reduction of sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After being convicted of lewd conduct with a minor and sexual abuse of a minor, Critchfield motioned for a new trial. The district court granted the motion, and Critchfield ultimately entered an *Alford*[1] plea to an amended charge of felony injury to a child. The district

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

court imposed a unified sentence of ten years with three years determinate. The sentence was suspended and Critchfield was placed on probation following the completion of 180 days in jail.

While on probation, the State filed a report alleging Critchfield had violated his probation on three separate occasions.[2] Critchfield admitted to one allegation and the remaining allegations were withdrawn by the State. While disposition of this violation was pending, the State filed an addendum alleging additional violations.[3] Critchfield admitted to violating his probation as to one of the allegations. After an evidentiary hearing, the district court determined Critchfield had also violated his probation as to the other allegations. Subsequently, the district court revoked Critchfield's probation, ordered the original sentence executed, but retained jurisdiction. Following the period of retained jurisdiction, the district court placed Critchfield back on supervised probation for two years.

Subsequently, the State filed another report of probation violation, alleging eight distinct violations, including possessing sexually explicit photos and videos.[4] Critchfield admitted to violating his probation in all of the manners alleged by the State except the allegation regarding a polygraph examination. The State subsequently withdrew that allegation. At the probation disposition hearing, the State called the supervisor for Critchfield's probation officer. She testified that an individual, the sister of Critchfield's girlfriend, forwarded her sexually explicit photographs depicting Critchfield and several female individuals. One individual was identified as a nineteen-year-old female who would have been seventeen at the time the photo was taken. The supervisor also testified Critchfield had allegedly taken the photos. The photos were admitted into evidence at the hearing over Critchfield's objection that the testimony and the photos violated his right to confront adverse witnesses. The district court overruled the objection without explanation.

---

[2]    (1) making unwanted romantic advances; (2) getting terminated from sex-offender treatment; and (3) failing to provide truthful information on two polygraph examinations.

[3]    (1) initiating and maintaining contact with a minor; and (2) consuming alcohol.

[4]    (1) possessing an unauthorized cell phone; (2) maintaining unauthorized email, social media, and dating accounts; (3) consuming alcohol; (4) pursuing a romantic relationship with an individual whom his probation officer had forbidden; (5) pursuing a romantic relationship with an individual who had a minor child; (6) having contact with a minor without permission; (7) failing to take a polygraph examination as requested; and (8) possessing sexually explicit photos and videos.

Following the hearing, the district court revoked Critchfield's probation and ordered the originally imposed sentence executed. Critchfield filed an Idaho Criminal Rule 35(b) motion for reduction of sentence which was denied. Critchfield timely appeals.

## II.

## ANALYSIS

**A.** **The District Court Did Not Violate Critchfield's Right To Confront Adverse Witnesses**

Critchfield argues the district court violated his constitutional right to due process when it denied him the right to confront witnesses at his probation disposition hearing. Specifically, that allowing testimony and evidence related to sexually explicit photographs was in error. The State asserts there is no constitutional due process right to confront witnesses at a probation disposition hearing, especially when the violation has already been admitted.

The determination whether constitutional requirements have been satisfied is subject to free review. *State v. Klingler*, 143 Idaho 494, 496, 148 P.3d 1242, 1244 (2006). Probationers do not enjoy the full panoply of constitutional protections afforded criminal defendants. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). A motion to revoke probation is not a criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). However, a probationer has a protected liberty interest in continuing his probation. *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). Consequently, a court may not revoke probation without a finding that the probationer violated the terms of probation. *Id*. Once a probation violation has been proven, however, the decision whether to revoke probation and execute a suspended sentence is within the sound discretion of the trial court. *State v. Knowlton*, 123 Idaho 916, 921, 854 P.2d 259, 264 (1993).

Critchfield cites to *Morrissey*, which determined a parolee[5] has the limited right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing the confrontation. *Morrissey*, 408 U.S. at 488-489. Critchfield argues the State in this case never provided any good cause for its failure to produce witnesses at the disposition hearing. This argument, though accurate, excludes one key fact: Critchfield admitted to the majority of the allegations prior to the disposition hearing including the allegation related to the photographs:

---

[5] The due process rights identified in *Morrissey* apply to probationers as well as to parolees. *Gagnon v. Scarpelli*, 411 U.S. 778, 779-782 (1973).

| | |
|---|---|
| Court: | The eighth violation is that you violated conditions of probation specifically the sex offender agreement of supervision. It looks like by possessing photographs and videos depicting female nudity. Do you admit or deny that violation? |
| Defendant: | I admit. |
| Court: | Are you entering all of these admissions freely and voluntarily? |
| Defendant: | Yes, I am. |
| Court: | Are you admitting to all of these probation violations because in fact you did violate probation as alleged? |
| Defendant: | Yes, sir. |
| Court: | I will accept your admissions. I'll find they're knowingly, voluntarily and intelligently entered . . . . |

Further, the allegation he denied was the polygraph examination violation, which is not the allegation discussed by the testimony at issue.[6] His claim is that by allowing testimony and evidence on the sexually explicit photographs, he was denied his right to confront an adverse witness. However, he had already voluntarily admitted to this violation.

As noted by the State, Idaho's precedent recognizes "the *reason* for the attachment of due process protection to proceedings such as [probation] is to assure that the finding of a parole [or probation] violation will be based on *verified* facts and that the exercise of discretion will be informed by an *accurate* knowledge of the [probationer's] behavior." *State v. Chapman*, 111 Idaho 149, 152, 721 P.2d 1248, 1251 (1986). The clear purpose is to ensure a violation is proven with verified facts. This due process protection is not at issue when a defendant makes voluntary admissions.

The rights recognized in *Morrissey* do not apply in a separate probation disposition hearing where the defendant has voluntarily admitted to the violations. In fact, there is no such confrontation right at a criminal sentencing (which is the equivalent penalty phase of a criminal proceeding) where a trial court may rely upon statements made in a presentence investigation report. Idaho courts, as well as nearly all other jurisdictions, have consistently held the right to confrontation does not require a criminal defendant be allowed to confront and cross-examine witnesses at sentencing proceedings. *See State v. Martinez*, 154 Idaho 940, 942-43, 303 P.3d 627, 629-30 (Ct. App. 2013). A probationer's due process rights are even more limited than those of a criminal defendant at sentencing in light of the well-established principle that a probationer does not enjoy the same rights as a criminal defendant. *Morrissey*, 408 U.S. at 480.

---

[6]     Judge: "That is correct. He denied allegation 7 [allegation regarding polygraph]."

Thus, the probationer does not enjoy more due process rights at the disposition phase than a defendant at sentencing.

The State's argument that Critchfield waived his right to confront adverse witnesses when he admitted to violating his probation, just as a defendant waives his right by pleading guilty, is well taken. Therefore, the district court did not err when it allowed testimony and evidence at the disposition hearing on a previously admitted violation.

**B.    The District Court Did Not Abuse Its Discretion By Revoking Critchfield's Probation**

Critchfield argues the district court erred in revoking his probation because his repeated probation violations did not justify that determination. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).

A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Critchfield's sentence. Therefore, the order revoking probation and directing execution of Critchfield's previously suspended sentence is affirmed.

**C.** **The District Court Did Not Abuse Its Discretion By Denying Critchfield's Rule 35(b) Motion**

Critchfield additionally argues the district court abused its discretion by denying his motion for a reduced sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Critchfield asserts his desire to support his children and obtain additional help is sufficient to justify a reduced sentence. We disagree. Critchfield had numerous chances to remain on probation. However, his continued disregard for the parameters of that probation led to violation after violation. Given the nature of these violations, it is abundantly clear his sentence is not excessive and the district court did not abuse its discretion in denying his I.C.R. 35 motion.

## III.

## CONCLUSION

The district court did not violate Critchfield's due process rights when it overruled his objections to testimony and exhibits related to his admitted probation violation. Additionally, having reviewed the record in this case, we cannot say the district court abused its discretion either in revoking probation or in ordering execution of Critchfield's previously suspended sentence. Finally, the district court did not abuse its discretion by denying Critchfield's I.C.R. 35(b) motion for reduction of sentence. Therefore, the district court's order revoking

6

Critchfield's probation and ordering the originally imposed sentence to be executed and its order denying Critchfield's motion for reduction of sentence are affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.