693 P.2d 1097

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert TORRES, Defendant-Appellant.**

**No. 14574.**

Court of Appeals of Idaho.

Dec. 31, 1984.

Stanley G. Cole and Raymundo Guàjardo Pena (argued), Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from an order denying a motion to reduce a sentence under I.C.R. 35. The motion was submitted by Robert Torres after he received an indeterminate sentence of twenty-four years for rape. On appeal he has presented two sets of issues: (1) whether the sentence was excessive and was entered upon an inadequate presentence report; (2) whether the judge who denied the Rule 35 motion abused his discretion by refusing to modify the sentence and by refusing to consider a social worker's report offered in support of the motion. For reasons explained below, we reject Torres' challenge to the sentence and presentence report, but we vacate the order denying the Rule 35 motion.

■ The judgment of conviction for rape, which included the sentencing order, was a final judgment for the purpose of appeal. When the judgment was entered, the forty-two day appeal period allowed by I.A.R. 14 started to run. No motions affecting the judgment were filed during this period. The time for appeal expired before Torres sought reduction of the sentence under Rule 35. Consequently, we lack jurisdiction to entertain, in this appeal, Torres' challenge to the sentence as originally imposed. *State v. Hirshbrunner*, 105 Idaho 168, 667 P.2d 271 (Ct.App.1983). *A fortiori*, we have no occasion to examine Torres' attack upon the adequacy of the presentence report.

We turn to the second set of issues, relating to disposition of the Rule 35 motion. The State has raised a threshold question as to whether the district court had jurisdiction to act on the motion. Rule 35 provides in part that "[t]he court may reduce a sentence within 120 days after the sentence is imposed...." During the 120-day period in this case, Torres sent the district judge a letter specifically requesting a "Rule 35 Sentence Reduction." New counsel was appointed for Torres, and the attorney later filed a formal, "amended" motion after 120 days had elapsed. The State now argues that the initial letter was not cognizable as a Rule 35 motion and,

therefore, that the subsequent "amended" motion was time-barred. We disagree.

■ An informal letter from a defendant, seeking reconsideration of his sentence, implicitly has been held to meet a similar 120-day deadline prescribed by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Cotton*, 586 F.Supp. 199 (E.D.Wis.1983). A federal appellate court has upheld without comment the treatment of an informal letter request for reconsideration of a sentence as a motion under federal Rule 35. *See Seiller v. United States*, 544 F.2d 554 (2d Cir.1975). We adopt this approach and hold that the district judge did not err ˙by treating Torres' letter as a motion for reduction of sentence under the Idaho rule.

The State further contends that even if Torres' motion was timely, the district court lost jurisdiction to rule on it after the 120-day period had expired. Again, we disagree. In the federal system, the 120-day time limit for filing Rule 35 motions is jurisdictional and may not be extended. *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). However, several federal courts have held that rulings on timely filed motions are not limited to the same 120-day period. The federal district courts are allowed to act on timely motions within a reasonable period after they are filed, even if that period extends beyond 120 days from judgment. *See United States v. Johnson*, 634 F.2d 94 (3rd Cir.1980); *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975); *United States v. Mendoza*, 565 F.2d 1285 (5th Cir.1978), *modified* 581 F.2d 89 (1978); *United States v. DeMier*, 671 F.2d 1200 (8th Cir. 1982); *United States v. United States District Court*, ·509 F.2d 1352 (9th Cir.1975), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). Recently, the Ninth Circuit summarized the federal interpretation of Rule 35: "This court and other appellate courts have mitigated the arbitrary operation of the Rule by treating the time limit with some flexibility, allowing district courts to retain jurisdiction over

898

timely-filed motions for a 'reasonable time' beyond the deadline." *United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981) (citations and footnote omitted).

 We are persuaded that this approach is better reasoned than the jurisdictional cutoff urged by the State. Therefore, we hold that a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120-day period expires before the judge reasonably can consider and act upon the motion. In this case the delay was caused in part by the retirement of the original sentencing judge. We will not visit the consequences of such delay upon Torres.

We now return to Torres' contention that his Rule 35 motion was wrongly decided. The principal point of contention is whether the judge who heard the motion unduly restricted the evidence Torres was allowed to present. Torres offered an evaluation made of him by a social worker for the Board of Correction. The report, while not wholly favorable to Torres, contained some observations supportive of his request for a reduced sentence. The prosecutor objected to the report as hearsay. The judge excluded it not only for that reason but also because the judge felt he was constrained to consider only the information available to the prior judge when the sentence was imposed. In ruling on the Rule 35 motion, the judge deemed himself "definitely restricted to the cold record."

 We believe the judge unduly narrowed his own discretion. On the hearsay question, it is well established that a sentencing hearing is not a trial. The strict evidentiary rules used to determine a defendant's guilt are not rigidly applied during sentencing proceedings in Idaho. *State v. Pierce*, 100 Idaho 57, 593 P.2d 392 (1979). A judge may admit hearsay statements so long as the parties are accorded the right to rebut them. *E.g., State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969). We believe the same rule logically applies to Rule 35 proceedings.

 We similarly believe the district judge was mistaken when he considered only the information earlier presented to the sentencing judge. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the judge who rules on it. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). It is within that judge's discretion to hear testimony or argument on the motion. *State v. Arambula, supra.* The motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). It would ill serve the purpose of a Rule 35 motion to preclude the defendant from presenting fresh information about himself or his circumstances. A change in judicial personnel should not deprive the defendant of an opportunity to produce such information.

 In this case we do not know, and we decline to speculate, how the social worker's report on Torres might have affected the judge's evaluation of the twenty-four year sentence, if the report had been considered. We will not substitute our view of a case for the soundly exercised discretion of a district judge on the choice of an appropriate sentence. Accordingly, when a judge unduly narrows the scope of his discretion, by focusing upon improperly limited information, the proper appellate response is not to usurp such discretion by exercising it ourselves; rather, the proper course is to remand the case for reconsideration.

We conclude that this case should be reconsidered in light of all pertinent information, including the social worker's report. Consequently, we need not decide whether denial of the Rule 35 motion, upon the record initially considered, was an abuse of discretion. By remanding the case, we intimate no view as to whether any sentence reduction would be appropriate.

The order denying Torres' motion under Rule 35 is vacated. The case is remanded

for further proceedings consistent with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.