753 P.2d 1263

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Angel Martinez PUGA, Defendant–Appellant.**

**No. 16883.**

Court of Appeals of Idaho.

Dec. 21, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Angel Puga was convicted of vehicular manslaughter. On direct appeal, we affirmed the judgment of conviction and the fixed seven-year sentence. *State v. Puga,* 111 Idaho 874, 728 P.2d 398 (Ct.App.1986). Puga now appeals the denial of a motion to reduce his sentence under I.C.R. 35. The only issue before us is whether the district judge abused his discretion by denying Puga an evidentiary hearing before ruling on the motion. We affirm.

■ A Rule 35 motion essentially is a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The judge may consider facts presented at the original sentencing as well as any new information concerning the defendant's rehabilitative progress in confinement. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984). The decision whether to conduct a hearing on a Rule 35 motion is directed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976); *State v. Hoffman,* 112 Idaho 114, 730 P.2d 1034 (Ct.App. 1986); I.C.R. 35. We have held that an abuse of discretion is demonstrated where a judge unduly limits the information considered before deciding a Rule 35 motion. *State v. Torres, supra.*

■ Here, no undue limitation is presented. Although in-court testimony was not permitted, the court did provide an opportunity for oral argument. In addition, Puga was allowed to submit affidavits in support of his motion. Puga took advantage of this opportunity. Employees and friends reiterated their support. A penitentiary social worker described Puga's participation in an alcoholism treatment program. Other affiants attested to Puga's spiritual improvement and expressed the opinion that Puga was prepared to resume his place as a productive member of society.

However, the district judge was not persuaded to modify the sentence. The court acknowledged the facts recited in the affidavits, but concluded:

> It is the Court's view that Mr. Puga is not a person who has been "put away" for a first or second offense, but rather [is] a person who willfully continued a dangerous course after being confronted with the necessity and opportunity for rehabilitation....

We hold that the court did not abuse its discretion by denying Puga an evidentiary hearing. The order denying Puga's Rule 35 motion to reduce the sentence is affirmed.