778 P.2d 821

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Betty Jean PATTAN,
Defendant–Appellant.**

No. 17736.

Court of Appeals of Idaho.

Aug. 30, 1989.

Albert Matsuura, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Betty Jean Pattan pled guilty to two counts of issuing a check without funds in violation of I.C. § 18–3106(a). Although the judgment of conviction recites that Pattan is adjudged guilty on both counts, the district judge imposed only a single three-year sentence with a two-year minimum period of confinement. Pattan moved for a reduction of her sentence under I.C.R. 35. In connection with her motion, Pattan also moved for a court order requiring the Idaho State Correctional Institution to produce progress reports containing a current evaluation of her. Both motions were denied.

Pattan appeals, contending that the district court erred in denying her motion for the production of the progress reports. Pattan asserts that the court unduly narrowed its discretion when it failed to consider this information in support of her I.C.R. 35 motion.

A Rule 35 motion essentially is a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The judge may consider facts presented at the original sentencing as well as any new information concerning the defendant's rehabilitative progress in confinement. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984). The decision whether to conduct a hearing on a Rule 35 motion is directed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). We have also held that an abuse of discretion is demonstrated where a judge unduly limits the information considered before deciding a Rule 35 motion. *State v. Torres, supra.*

We do not believe that the district court here unduly narrowed its discretion by denying Pattan's request for the production of progress reports. Pattan has not adequately explained on appeal why the progress reports were essential to her Rule 35 motion. Although the reports may have provided more detailed information regarding Pattan's rehabilitative progress, Pattan's Rule 35 motion contained statements regarding this progress. Pattan asserted that she had adhered to all of the correctional institution's rules and regulations and had not received any disciplinary offense reports. It is apparent from the record that the court accepted Pattan's statements regarding her disciplinary record. The district court also considered Pattan's good conduct while incarcerated. In light of the district court's acceptance of the facts asserted by Pattan regarding her progress and good conduct, we do not believe that the court's failure to obtain formal reports regarding this conduct presented an undue limitation of the information considered by the court.

Next, we determine that the district court did not abuse its discretion in denying Pattan's Rule 35 motion. The criteria for evaluating a judge's refusal to reduce a sentence is the same as those applied in determining whether the original sentence was excessive. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We note the following pertinent facts. At the time of sentencing Pattan was sixty years of age. A presentence report showed that Pattan had written numerous bad checks totalling about $14,000. Pattan had previously been convicted on two prior misdemeanor bad check charges before this latest series of offenses. When sentenced in Bingham County, Pattan had already been sentenced in Bannock County as a result of one or more of the checks she had passed in that county. Under I.C. § 18–3106(a) Pattan could have received a sentence of three years imprisonment and/or a fine of $5,000 for each felony conviction. The court noted the applicable sentence criteria and expressed the need for a sentence that would protect society, deter others and provide retribution and rehabilitation. Taking into account Pattan's character and age, the court did temper the sentence by having it run concurrently with Pattan's sentence in Bannock County. Later, when reconsidering the sentence, the court recognized Pattan's good conduct while incarcerated in a crowded, understaffed facility. He nevertheless concluded that Pattan's term of incarceration should not be reduced. We hold that this decision was not an abuse of discretion.

The order of the district court denying the Rule 35 motion is affirmed.

WALTERS, C.J., and BURNETT, J., concur.