811 P.2d 513

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Jeffrey FINDEISEN, Defendant–Appellant.**

No. 18206.

Court of Appeals of Idaho.

May 16, 1991.

Robert Jeffrey Findeisen, pro se.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Pursuant to an I.C.R. 11 plea agreement, Robert Jeffrey Findeisen pled guilty to one count of grand theft by possession of stolen property (a 1988 Polaris snowmobile), I.C. §§ 18–2403(4), 18–2407(1), and two other counts of grand theft were dismissed. A judgment of conviction was entered against him on January 16, 1989, imposing a unified sentence of nine years in the custody of the Board of Correction with a three-year minimum period of confinement. Findeisen filed a timely I.C.R. 35 motion for reconsideration of the sentence, along with a motion for an order of the district court directing authorities at the Idaho State Correctional Institution to prepare a report of his progress while incarcerated. Findeisen appeals from the district court's orders which summarily denied both of these motions. For the reasons stated below, we affirm.

Findeisen asserted the following reasons for reconsideration of his sentence in his I.C.R. 35 motion: that he had made substantial improvement while incarcerated; that this was his first felony offense; that the crime did not involve any violence; that he was sentenced for only one criminal offense; that he would be able to make restitution more adequately if allowed probation; that he would be a good candidate for rehabilitation because he has considerable college education and a supporting wife; and that it would be unlikely that he would violate probation because of the threat that he would be returned to the state prison. He also requested the right to present evidence and oral testimony at a hearing and reserved the right to amend and supplement the motion as progress reports were obtained from the prison authorities.

The district court denied the I.C.R. 35 motion and the progress report motion without a hearing and without oral argument. On appeal, Findeisen contends that the district court erred by denying both motions and by denying the motions without a hearing.[1]

1. Findeisen originally raised other issues relating to his sentencing, but later conceded that

■ The decision whether to conduct a hearing on an I.C.R. 35 motion to reduce a legally-imposed sentence is directed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Pattan,* 116 Idaho 699, 700, 778 P.2d 821, 822 (Ct.App. 1989). The district court can abuse its discretion by unduly limiting the information it considers before deciding an I.C.R. 35 motion. *Pattan, supra; State v. Puga,* 114 Idaho 117, 118, 753 P.2d 1263, 1264 (Ct.App.1987); *see State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). The district court also "may not wholly disregard proffered information about the defendant simply because it goes beyond the evidence presented at sentencing." *State v. Bonaparte,* 114 Idaho 577, 582, 759 P.2d 83, 88 (Ct.App.1988).

■ However, the district court does not necessarily abuse its discretion by denying a defendant's request for a progress report where the court accepts the facts asserted by the defendant regarding the defendant's progress and good conduct while incarcerated. *Pattan,* 116 Idaho at 700, 778 P.2d at 822. In its order denying Findeisen's motions, the district court stated that it would not be influenced by a progress report,

> even assuming it was substantially favorable. As a matter of fact, I would anticipate that the defendant would receive a favorable report. The court would not however consider this to be an indication of defendant's rehabilitation.

The district judge, who also had presided over Findeisen's original sentencing hearing, also noted that no supporting documentation was filed with the motion and stated that no showing had been made that "Mr. Findeisen's testimony, nor argument of counsel, nor Mr. Findeisen's presence at hearing in Franklin County would be necessary in the disposition of this matter."

these issues were beyond the scope of the instant appeal. This Court lacks jurisdiction to entertain a challenge to the sentence as originally imposed or a challenge to the adequacy of the presentence report where the defendant fails to

■ Although good conduct while in prison is worthy of consideration, it may not be an accurate indicator of future conduct in a noncustodial setting. *State v. Sanchez,* 117 Idaho 51, 52, 785 P.2d 176, 177 (Ct.App.1990). Such evidence must be viewed in light of the entire record. *Id.* Under the circumstances presented in this case, which we discuss in more detail below, we conclude that the district court did not abuse its discretion by failing to order a progress report and by assuming that Findeisen would have received a favorable report. *See, e.g., Pattan,* 116 Idaho at 700, 778 P.2d at 822.

We also conclude that the district court did not abuse its discretion in refusing to reduce Findeisen's sentence. The district court correctly noted that an I.C.R. 35 motion essentially is a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Our criteria for evaluating the district court's refusal to reduce a sentence are the same as those we apply when determining whether the original sentence was excessive. *Pattan,* 116 Idaho at 700, 778 P.2d at 822.

A sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. Cotton,* 100 Idaho 573, 577, 602 P.2d 71, 75 (1979); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a unified sentence of nine years in the custody of the Board of Correction with a three-year minimum period of confinement. This sentence is within the statutory maximum; grand theft by possession of stolen property is punishable by a fine not exceeding $5,000, or by imprisonment for not less than one year nor more than fourteen years, or by both. I.C. § 18–2408(2)(a).

file an appeal from the judgment of conviction within 42 days of its entry. *See State v. Torres,* 107 Idaho 895, 897, 693 P.2d 1097, 1099 (Ct.App. 1984).

A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). The reasonableness of a sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *Id.*

At the time of sentencing, the district court noted that, even if Findeisen previously had not been convicted of a felony, he had lived for several years by deception and theft. The presentence report reveals that Findeisen had a ten-year history of convictions for theft-related offenses in Colorado and Utah. While he was able to complete probation successfully in connection with at least one of the earlier convic-tions, he later was convicted of other theft-related offenses.

In its order denying Findeisen's I.C.R. 35 motion, the district court properly considered the four *Toohill* factors, but concluded that,

> defendant's rehabilitation is only one of the court's concerns in sentencing and, although important, it is less important than the protection of society, the deterrent effect upon Mr. Findeisen and others of similar mind, and certainly no more important than punishment and retribution.

Upon the facts of this case, Findeisen has failed to show that the district court abused its discretion in denying his I.C.R. 35 motion.

The orders of the district court summarily denying the I.C.R. 35 motion and the progress report motion are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.