818 P.2d 352

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harold Henry HOMEIER,
Defendant–Appellant.**

**Nos. 19040, 19041.**

Court of Appeals of Idaho.

Oct. 7, 1991.

John C. Lynn of Lynn, Scott, Hackney & Jackson, Boise for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Harold Homeier of Boise was indicted in Ada County for lewd conduct with a minor, allegedly committed between December, 1986, and July, 1988. I.C. § 18–1508. Although multiple incidents were alleged to have occurred with a male child between the ages of thirteen and fifteen, the incidents were charged as one count of lewd conduct. Pursuant to a plea bargain, Homeier pled guilty to sexual abuse of a minor, I.C. § 18–1506, and he was given a

fifteen-year unified sentence requiring a minimum of three years incarceration. The district court suspended this sentence under I.C. § 19–2601(4), retaining jurisdiction so it could have the benefit of further evaluation of Homeier by the Department of Corrections before the sentence became final.

While the Ada County case was pending, Homeier was separately charged with several similar crimes in Valley County. These initial charges were later amended to three counts of lewd conduct. Ultimately, Homeier pled guilty to one count of lewd conduct with the same victim named in the Ada County case. He also pled guilty to one count of lewd conduct involving another thirteen-year-old male child. The third charge, allegedly involving a seven-year-old male child, was dismissed. Homeier requested that the judge—the same one who had sentenced Homeier in the Ada County case—delay sentencing until he received the report from the "Jurisdictional Review Committee" of the Department of Corrections. The committee submitted its report to the court in June, 1990. The report, which included a evaluation of Homeier by a staff psychologist, recommended that the court relinquish jurisdiction. At a hearing on June 28, the court ordered that Homeier serve the sentence previously imposed in the Ada County case. The court also sentenced Homeier on the two Valley County charges, imposing concurrent fifteen-year sentences requiring a minimum of three years' incarceration.

No appeal was taken from the order relinquishing jurisdiction in the Ada County case, or from the judgment of conviction and sentences in the Valley County case. However, within 120 days of these orders, Homeier filed motions under I.C.R. 35 asking for reduction of the sentences in each case. The district judge denied the motions and these appeals, now consolidated for all purposes, followed.

■■■ A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency and the decision whether to grant the reduction is a matter of discretion. *State v. Arambula,* 97 Idaho 627,

630, 550 P.2d 130, 133 (1976); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). The criteria for evaluating the court's denial of a motion for reduction of sentence are the same as those for determining whether the original sentence was excessive. *State v. Pattan,* 116 Idaho 699, 778 P.2d 821 (Ct.App.1989). The standards for review of a sentence are well known and need not be repeated here. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991); *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). On appeal, we review not only the information presented in support of the motion, but also the record of the original sentence. *State v. Buzzard,* 114 Idaho 384, 757 P.2d 247 (Ct.App.1988). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead, supra; State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct.App.1988).

■■ Based on our review, we conclude that the court did not abuse its discretion by denying Homeier's motions. Although Homeier does not have a prior criminal record, he has a history of sexual misconduct with young males. When this misconduct was discovered in 1985, Homeier received a psychological evaluation and was given the opportunity for counselling and therapy for his sexual and alcohol abusive conduct. As then predicted, without enforceable restraints, Homeier soon avoided the offered help. He continued to re-offend, doing serious emotional and psychological damage to young males and their families. The information furnished to the judge indicated that Homeier continues to minimize the responsibility for his conduct and presents a risk to society.

Homeier contends that the evaluation report given by the Department of Corrections was tainted by statements that Homeier concealed, and would not admit, that he had sexually abused more than two boys. One evaluator stated, "We have information to the contrary." The district judge's orders, simultaneously denying the Rule 35 motions, stated, "Even if the re-

port of the jurisdictional review committee was incorrect in the manner claimed by Mr. Homeier, I am satisfied that the sentences imposed were not unduly severe and should not be modified." The record clearly supports this decision. The sentences imposed by the district court are reasonable. We readily conclude that the court acted within its discretion by denying Homeier's Rule 35 motions.

The orders of the district court denying Homeier's Rule 35 motions are affirmed.

WALTERS, C.J., and SILAK, J., concur.