IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39741

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 485 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 7, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEVIN J. McCULLOUGH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

MELANSON, Judge

Devin J. McCullough appeals from district court's order relinquishing jurisdiction and order denying his I.C.R. 35 motion for reduction of his sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In April 2011, based upon separate incidents with two fifteen-year-old girls, a grand jury indicted eighteen-year-old McCullough on two counts of lewd conduct with a minor under sixteen. Pursuant to a plea agreement, McCullough pled guilty to one count of felony injury to a child. I.C. §18-1501(1). The district court sentenced McCullough to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction.

On September 13, 2011, McCullough filed a Rule 35 motion requesting that the district court place him on probation instead of retaining jurisdiction. McCullough also requested a

1

hearing to allow the psychosexual evaluator to present additional information not provided in the evaluation. McCullough represented that the evaluator would explain how the results of the evaluation were skewed due to McCullough's age and level of maturity. The district court set an expedited hearing on the Rule 35 motion for September 15. At that hearing, McCullough asked the district court to schedule a hearing at which the evaluator would testify. The district court set a hearing for October 20, but that hearing was vacated on October 4.[1] On February 1, 2012, based on a report from the Department of Correction, the district court entered an order relinquishing jurisdiction. McCullough filed a Rule 35 motion requesting a reduction of his sentence, which the district court denied. McCullough appeals.

## II.

## ANALYSIS

### A.     Relinquishment of Jurisdiction and Excessive Sentence

McCullough argues that, in light of his limited successes during his period of retained jurisdiction, recognition of his problem and desire to move on to a more successful future, the district court abused its discretion when it relinquished jurisdiction instead of placing McCullough on probation.[2] The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). A sentencing court's decision to relinquish jurisdiction, rather than allow probation, will not be deemed an abuse of discretion if the court has sufficient information to determine that probation would be inappropriate. *State v. Chapman*, 120 Idaho 466, 472, 816

---

[1]     The district court never ruled on this Rule 35 motion.

[2]     McCullough also asserts that the district court abused its discretion by not having a hearing prior to relinquishing jurisdiction. However, it is well settled that a hearing before the district court is not a prerequisite for an order relinquishing retained jurisdiction. *See State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001); *State v. White*, 107 Idaho 941, 942-43, 694 P.2d 890, 891-92 (1985); *State v. Lopez*, 102 Idaho 692, 693, 638 P.2d 889, 890 (1981); *State v. Williams*, 126 Idaho 39, 45, 878 P.2d 213, 219 (Ct. App. 1994); *State v. Atwood,* 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992).

P.2d 1023, 1029 (Ct. App. 1991); *State v. Chapel*, 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct. App. 1984).

The district court reviewed the Idaho Department of Correction's addendum to the presentence investigation report before deciding to relinquish jurisdiction rather than place McCullough on probation. That addendum provides:

> After review of his institutional performance, program participation, and central file, it appears Mr. McCullough could not be considered a candidate for probation at this time. **Relinquish Jurisdiction** is being recommended for the following reasons: While at North Idaho Correctional Institution, Mr. McCullough demonstrated himself as a disciplinary concern. He stole from the kitchen in what appears to be a persistent manner shortly after he started working in the kitchen. Mr. McCullough has not accepted accountability for his actions and lied repeatedly to staff. Mr. McCullough failed to demonstrate behavior that would suggest that he would be able to successfully follow the requirements of probation.

The addendum indicates that, when McCullough arrived at the rider, he reviewed the rules and regulations and signed an agreement that he understood what was expected of him. However, McCullough received disciplinary warnings for being late to work, committing kitchen theft, lying to staff, attempting to barter, and involvement in a conspiracy to steal from the kitchen. The addendum also indicates that McCullough did not appear to change his behavior or take ownership for his behavior and that McCullough threatened another offender by stating that McCullough would knock the offender's tooth down his throat. We conclude the district court had sufficient information to determine that probation would be inappropriate and, therefore, did not abuse its discretion by relinquishing jurisdiction.

McCullough also argues the district court failed to sufficiently take into consideration mitigating factors and, therefore, imposed an excessive sentence. McCullough asserts a more lenient sentence would be appropriate in light of his age, lack of prior felony convictions, support of his family and friends, remorse for his conduct, and taking responsibility for his acts.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*,

103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At McCullough's sentencing hearing, the district court first noted the serious nature of the crimes charged against McCullough and considered his age. Specifically, the district court identified that McCullough was initially charged with two counts of lewd conduct with a minor under sixteen that both carry potential sentences of life imprisonment. The district court stated that, considering McCullough's age, the state's reduction of the charges to one count of injury to a child was an appropriate and substantial break. The district court also noted the negative impact McCullough's acts had on the victims and that the psychosexual evaluator identified McCullough as a moderate risk to reoffend and in need of structured treatment. The record in this case reveals that, while McCullough had no prior felony convictions, he was adjudicated for petit theft and aiding and abetting petit theft as a juvenile. The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id*. Having thoroughly reviewed the record in this case, we cannot say the district court abused its discretion by sentencing McCullough to a unified term of seven years, with a minimum period of confinement of three years.

## B.     Rule 35

McCullough argues that the district court abused its discretion by denying his February 15, 2012, Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67

4

(Ct. App. 1989). The decision whether to hear testimony or argument on a Rule 35 motion is directed to the sound discretion of the district court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A trial court abuses its discretion if it unduly limits the information it considers before ruling upon a Rule 35 motion. *State v. Findeisen*, 119 Idaho 903, 905, 811 P.2d 513, 515 (Ct. App. 1991); *State v. Puga*, 114 Idaho 117, 118, 753 P.2d 1263, 1264 (Ct. App. 1987); *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

In his 2012 Rule 35 motion, McCullough requested that the district court reconsider its decision to relinquish jurisdiction and requested "the setting of a review hearing to allow [McCullough] an opportunity to present mitigating evidence not present in the [addendum] itself." In its order denying McCullough's motion, the district court explained:

> [McCullough] is requesting the court grant probation and reconsider its decision to relinquish jurisdiction. [McCullough] would like to present mitigating evidence not present or reflected in the Rider Review. [McCullough] has not stated what that evidence is and the court does not intend to hold an evidentiary hearing.

McCullough's counsel speculates the mitigating evidence McCullough wanted to present at a hearing was the testimony of the psychosexual evaluator that McCullough identified in his 2011 Rule 35 motion. McCullough's counsel also speculates McCullough's 2012 Rule 35 motion was filed for the purpose of reminding the district court that McCullough had been promised a hearing to present that testimony should the Idaho Department of Correction recommend relinquishment of jurisdiction after McCullough's rider. McCullough's counsel speculates McCullough did not submit a written affidavit from the evaluator in support of his Rule 35 motion because he was relying on the district court's promise that a hearing would be scheduled to allow the evaluator to testify. McCullough concludes the district court abused its discretion

because it unfairly deprived him of the opportunity to present mitigating evidence and, thereby, unduly limited information it considered when it denied his Rule 35 motion.

We first note that McCullough's 2012 Rule 35 motion made no mention of the psychosexual evaluator or that the district court allegedly broke a promise to hold a hearing so McCullough could present the evaluator's testimony. Further, at the hearing on McCullough's 2011 Rule 35 motion, the following exchange took place:

> [COUNSEL]  What I am going to ask the court to do is postpone the order for the rider, allow him to either remain in jail, set a new hearing a week or two out. Let me get [the evaluator] on board as a witness, to actually come in and tell--explain to the court his own feelings and position on this, and of course the interview. The best case scenario, we'd love to see [McCullough] released pending that hearing.
>
> . . . .
>
> [COURT]      All right, so you think [the evaluator] would have different information than what the court took from his evaluation?
>
> [COUNSEL]  Correct, Judge. He shared with me some insight that he says normally does not get into the report. He likes to keep the report as objective and benign as possible without a lot of personal interjection, but he shared with me some things that I think if the court had known at the time of sentencing, it might have made a difference.
>
> . . . .
>
> [COURT]      Okay, I don't know how I keep him from going on the rider. You're asking me to delay that order. He's been sentenced. The court retained jurisdiction, so he's now in the custody of Department of Corrections.
>
> [COUNSEL]  If there's not an easy answer that the court's aware of Judge, I'll find one--we will if it can be done.
>
> . . . .
>
> [COURT]      Okay, at 1:00, we'll do a hearing, a hearing on October 20 at 1 o'clock p.m.
>
> [COUNSEL]  Thank you.
>
> [COURT]      So, I've done an order. We'll see if it works. That he not be transferred from the Ada County jail to the Department of Corrections pending a hearing on [October 20] at 1 o'clock p.m.
>
> . . . .
>
> [UNIDENTIFIED SPEAKER]      He's already at the penitentiary. He's not in the Ada County jail any longer.
>
> [COURT]      Then there's a problem. Where is he being housed in the penitentiary?
>
> [COUNSEL]  RDU.
>
> . . . .
>
> [COURT]      Okay. I don't think I'm going to do anything. Look, I thought he got a pretty good deal at sentencing. [The evaluator] in writing said that he needs to be in a structured treatment then transferred to a community-

based program. That's what he put in writing, in writing. Now you want to have him come in and say, well, no, that's not what I meant.

[COUNSEL] He gave a further explanation on that, Judge. There's some peculiarities with this.

[COURT] Okay, this is what I'll do. If he comes back from the rider and they recommend that he go to the penitentiary, then we'll have a hearing, let [the evaluator] come in and explain that he doesn't agree with that.

[COUNSEL] If I can figure out a way we believe we can keep him in jail until the 20th, will you give me a day or two to accomplish that?

[COURT] Well, he's not in the jail. He's no longer in the custody. He's in the custody of the Department of Corrections at this point.

[COUNSEL] But I still think that because you do retain jurisdiction, Judge. I think--

[COURT] I do, but now whatever I do is going to interfere with whatever program they--or decisions that they're going to--basically, they're going to be in limbo potentially, or they'll make a decision to send him up to northern Idaho or eastern Idaho, all the places, and then we have to have somebody transport him back down here.

[COUNSEL] I know, and that's why we're trying to avoid that. That's why I wanted to get him in now before they ship him out.

[COURT] Okay. Frankly, I'm happy with the sentence that he got. I think it's a good sentence.

[COUNSEL] I'm going to try and change your mind, Judge.

. . . .

[COURT] Right. So the rider program, and I know the parents probably don't want him in that, but the rider program's going to give him an opportunity to have some really good counseling and hopefully he's going to recognize, you know, that certain behaviors are not very appropriate and then be able to change.

. . . .

[COUNSEL] I'll just leave it at this, Judge. Had I known--had I had a substantial feeling that the court was likely going to order a rider, I would have made [the evaluator] available to testify at the sentencing hearing.

[COURT] All right, but the problem is now, he's already in the custody of the Department of Corrections. That's the problem.

[COUNSEL] But that's not the--

[COURT] I'm willing to give you--you know, I was even writing it out, and then I find out, well, he's already in the department.

[COUNSEL] I tell you what, Judge, they're not going to ship him out until Monday. If I can come up with something by Friday, can I--

[COURT] Who's not going to ship him out?

[COUNSEL] That's what I've been told. RDU's not going to send him to whatever program it shows for him until Monday is what he's informed. So he'll still be out at RDU over the weekend.

7

[COURT]     Well, I guess in the alternative, I can just schedule a hearing on 10/20/11 at 1 o'clock p.m., and then wherever he is, somebody's got to pay to transport him back here.

[COUNSEL]   If I haven't come up with something and he's gone off on his programming, Judge, we'll vacate that hearing. If he's off doing the program, then we're not going to--at that point, we won't bring him back and ruin his programming.

[COURT]     What I'll do is I'll just schedule a hearing on October 20, 2011, at 1 o'clock p.m.

[COUNSEL] Okay.   In the meantime, I'm going to see if there is something that can hold him so that he doesn't get shipped off.

[COURT]     Okay, that sounds fair. Court's in recess.

Therefore, it appears from the record that the district court scheduled a hearing for October 20, 2011, for the purpose of allowing McCullough the opportunity to present the testimony of the evaluator. The record reflects that McCullough arrived at the North Idaho Correctional Institution (NICI) on September 26. The October 20 hearing was vacated on October 4. It is unclear from the record why the October 20 hearing was vacated. Given the above exchange between the district court and McCullough's counsel, it is reasonable to infer that the October 20 hearing was vacated by counsel because McCullough was already at NICI. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). The record does not support McCullough's claim that the district court unfairly deprived him of the opportunity to present testimony of the evaluator.

We also note that, in *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998), this Court considered Bayles's assertion that the district court erroneously deprived him of an opportunity to present evidence on his Rule 35 motion. We explained:

As we stated in *State v. Fortin,* 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993), "A Rule 35 movant wishing to submit additional evidence should make an 'offer of proof' *in the motion itself or by an accompanying affidavit* to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based." (Emphasis added.) Thus, when a Rule 35 motion is filed, it is incumbent upon the movant to present supporting evidence by way of affidavits or other documents. If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately

8

presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit. Bayles's counsel did not submit any evidence in support of the Rule 35 motion, did not advise the court of any then-unavailable evidence which would be forthcoming, the nature thereof, or an approximate date by which such evidence would be filed, or give any reason why he believed a hearing would be necessary. The vague request in Bayles's motion for "the right to present evidence" was at once both unnecessary and inadequate. It was *unnecessary* as to any evidence that was then available because such evidence could have been presented with the motion and without prior leave of the court. It was *inadequate* as a request for additional time to assemble and present evidence because it neither expressly requested an allowance of time for presentation of evidence nor presented any basis or justification for such a request.

*Bayles*, 131 Idaho at 626-27, 962 P.2d at 397-98. Similarly, in this case, McCullough's counsel did not submit any evidence in support of his 2012 Rule 35 motion and did not advise the district court of the nature of the mitigating evidence he wished to present. As in *Bayles*, the vague request in McCullough's motion for "the setting of a review hearing to allow [McCullough] an opportunity to present mitigating evidence not present in the [addendum] report itself" was both unnecessary and inadequate.

McCullough's assertion that the district court unfairly deprived McCullough of the opportunity to present testimony of the evaluator and, thereby, unduly limited information it considered when ruling on McCullough's 2012 Rule 35 motion is based upon mere speculation and without support in the record. This Court will not conclude that the district court abused its discretion upon such a basis. Accordingly, because no new or additional information in support of McCullough's Rule 35 motion was presented, the district court did not abuse its discretion by denying that motion.

## III.

## CONCLUSION

The district court had sufficient information to determine that probation would be inappropriate and, therefore, did not abuse its discretion by relinquishing jurisdiction. The district court did not abuse its discretion by sentencing McCullough to a unified term of seven years, with a minimum period of confinement of three years. The district court did not abuse its discretion by denying McCullough's 2012 Rule 35 motion because no new or additional information was presented in support of the motion. Therefore, the district court's order

9

relinquishing jurisdiction and the order denying McCullough's Rule 35 motion for reduction of his sentence are affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**