IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42343

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 496 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROGER CLARK BYRNS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Roger Clark Byrns pleaded guilty to two counts of delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A). The district court imposed concurrent unified sentences of ten years with three years determinate. Byrns filed an Idaho Criminal Rule 35 motion, which the district court denied. Byrns appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In

1

presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A trial court abuses its discretion if it unduly limits the information it considers before ruling upon an I.C.R. 35 motion. *State v. Izaguirre*, 145 Idaho 820, 824, 186 P.3d 676, 680 (Ct. App. 2008); *State v. Findeisen*, 119 Idaho 903, 905, 811 P.2d 513, 515 (Ct. App. 1991); *State v. Puga,* 114 Idaho 117, 118, 753 P.2d 1263, 1264 (Ct. App. 1987); *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984).

Byrns submitted new information in support of his motion for sentence reduction, consisting of the fact that Gooding County charges that were pending against him at the time of sentencing had been dismissed, that he had received no disciplinary charges during his four months in prison, that he had the support of his family, and that he had a job waiting for him upon his release. Byrns argues that in denying his motion the district court abused its discretion by wrongfully limiting the information considered. He points to the district court's statement that the motion was based "exclusively on the argument" that the Gooding charges had been dismissed. From this premise he argues that the court necessarily must not have considered the additional new information.

We disagree. Here the district court reasonably construed the focus of Byrns's motion for leniency to be the dismissal of the Gooding County charges, as this is the only new information referenced in the argument portion of his motion. That the district court did not, in its order, specifically recite the other new information that was provided in attached materials does not establish that it was ignored by the court, particularly in light of the fact that the district court's order specifically referenced and considered other attached material. A trial court is not required to articulate its consideration of each and every document attached to Byrns's motion in order to avoid error.

Byrns has failed to show any abuse of discretion. Therefore, the district court's order denying Byrns's Rule 35 motion is affirmed.