**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42824**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 630** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 16, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JULI ROSE WELLS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>reversed</u> <u>and</u> <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Juli Rose Wells pled guilty to felony driving under the influence (DUI). I.C. §§ 18-8004 and 18-8005(6). The district court sentenced Wells to a unified term of seven years, with minimum period of confinement of two years; suspended the sentence; and placed Wells on probation for seven years. Wells violated her probation, and the district court ordered execution of Well's sentence but retained jurisdiction. After a period of retained jurisdiction, the district court again granted probation. Wells again violated her probation, and the district court revoked probation and ordered execution of the original sentence without reduction. Wells filed a timely

1

I.C.R. 35 motion for reduction of her sentence, which the district court denied.  Wells appeals from the denial of her Rule 35 motion.[1]

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987.

The procedural history of Wells's Rule 35 motion is unusual.  An order revoking probation was entered on October 30, 2014.  On November 4, 2014, Wells filed her Rule 35 motion.  The motion requested leniency and further requested leave of the court "in order to supplement this motion further with supporting documentation and/or other evidence."  As far as can be determined from the record, no ruling was made on that request.  On December 3, 2014, Wells filed an addendum to her Rule 35 motion.  The addendum was accompanied by two letters from Wells to the district court.  In part, the letters informed the district court that Wells intended to utilize vocational rehabilitation to assist her in getting a job, she had established an AA home group, she had the support of her family and sponsor, she was remorseful, and she recognized the harm she could have caused by driving under the influence.  On December 5, 2014, the district court entered a written order denying the Rule 35 motion without a hearing.  The order referred to Wells's request for leave to supplement the motion but stated that, "as of today's date, no additional evidence or argument has been offered."  It appears that the district court was not aware of the December 3 addendum before entering the December 5 order.

Wells argues that the district court abused its discretion by not reducing her sentence or granting probation in light of the new information set forth in her letters.  The state asserts that

---

[1]     Wells initially appealed from the district court's order revoking probation but that issue was withdrawn because that appeal was not timely filed.  The appeal is timely only from the denial of the Rule 35 motion.

the letters contained no new information and that, in any event, the district court was free to ignore the letters because Wells did not file the supplemental material within the fourteen-day jurisdictional time limit for filing a Rule 35 motion in these circumstances.

We first address the state's argument that the addendum was not filed within the jurisdictional time limit. The state cites no authority for the proposition that supporting materials must be filed within the time limit for filing a Rule 35 motion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

We next address whether new information was submitted by Wells. The state correctly notes that the district court was aware when it revoked probation that Wells was remorseful, that she was committed to not drink and drive again, and that she intended to continue to attend meetings to deal with her addiction. Wells argues, and the record reflects, that she had not previously informed the district court that she had established an AA home group, had support from her family and sponsor, and that she intended to utilize vocational rehabilitation to obtain employment. This was, at least arguably, new information. A trial court abuses its discretion when it unduly limits the information it considers before ruling on a Rule 35 motion. *State v. Izaguirre*, 145 Idaho 820, 824, 186 P.3d 676, 680 (Ct. App. 2008); *State v. Puga*, 114 Idaho 117, 753 P.2d 1263 (Ct. App. 1987). Here, because the addendum was filed before the district court ruled on the motion, the addendum was properly before the district court but the district court did not consider it in ruling on the motion. We do not fault the district court--it is likely that the addendum was file-stamped but not immediately placed in the file or perhaps was simply overlooked. Nonetheless, we must reverse the order denying Wells's Rule 35 motion and remand so that the district court may consider the addendum to the extent the district court determines that it constitutes new information. We express no opinion as to the merits of Wells' motion.

Therefore, the order denying Wells's Rule 35 motion for reduction of sentence is reversed and this case is remanded to the district court for further proceedings consistent with this opinion.